UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:16-CR-055 |
| ) | |
| LARRY WAYNE MARTIN ) | |

**MEMORANDUM AND ORDER**

The defendant pled guilty to a methamphetamine distribution offense and will be sentenced on July 25, 2017. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 248], to which the defendant filed two objections. The first objection has been sufficiently addressed by the probation officer in the PSR Addendum. [Doc. 738]. For the reasons that follow, the defendant's second objection will be overruled.

I.

*Analysis*

At paragraph 25, the PSR increases the defendant's offense level by two pursuant to advisory guideline 2D1.1(b)(12). That guideline applies, "If the defendant maintained a premises for the purpose of . . . distributing a controlled substance . . . ." U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2016).

The application notes to guideline 2D1.1(b)(12) advise the court to consider whether the defendant maintained a possessory interest and the extent to which he controlled access to, or activities at, the premises. *Id.* cmt. n.17. Drug distribution need

not be the sole purpose for which the premises were maintained, but it must have been one of the defendant's primary uses of the premises, rather than an incidental or collateral activity. *Id.* The court should consider how frequently the premises was used for distributing drugs and how frequently it was used for lawful purposes. *Id.* "At bottom, the question is whether [the] home 'played a significant part' in distributing drugs." *United States v. Bell*, 766 F.3d 634, 637 (6th Cir. 2014).

The premises at issue in this case is on Sugar Hollow Road in Morristown, Tennessee. The defendant acknowledges that he "has resided at the East Sugar Hollow Road property for much of his 53 years of life with the exception of about 8 years." [Doc. 265, ex. 1, p. 3]. Located on that property are at least two mobile homes, bearing house numbers 5550 and 5556.

The defendant denies any possessory or ownership interest, claims that he "has not paid rent to either property owner," and denies having any control over access to the property. He further states that he lives only in the mobile home at 555<u>0</u> Sugar Hollow Road and points to law enforcement documents stating that the controlled methamphetamine purchases in this case took place at either 555<u>6</u> Sugar Hollow Road or simply at "Sugar Hollow Road." In sum, the defendant contends that he should not be held accountable for isolated drug transactions occurring in a trailer over which he had no control.

The defendant's objection is not well-taken, and his argument regarding house numbers is a red herring. The plea agreement signed by the defendant and his attorney admits to three controlled purchases of methamphetamine from the defendant occurring

2

at "*the defendant's* residence on Sugar Hollow Road in Morristown . . . ." [Doc. 180, ¶¶ 4(b)-(d)] (emphasis added). Those transactions are the ones he complains actually occurred at 555<u>6</u> Sugar Hollow Road or merely at "Sugar Hollow Road." [Doc. 265, exs. 5-7]. Further, in his plea agreement the defendant also acknowledges that, "on at least one occasion, co-defendant Guy Mayns directed co-defendant Eric Reedy to go to *the defendant's* residence so that [the defendant's son and co-defendant "Nasty Nate"] Carroll would distribute a quantity of methamphetamine to Reedy." [Doc. 180, ¶ 4(g)] (emphasis added). By his own admission, all of these drug transactions occurred at the defendant's residence, irrespective of any police confusion over his trailer's correct house number.

Additionally, in his plea agreement the defendant acknowledges a February 2016 recorded jailhouse phone call in which he instructed his girlfriend to "clean the house up and get rid of everything." [Doc. 180, ¶ 4(f)].[1] This conversation illustrates the defendant's control over his residence, even if he was not the actual owner of the mobile home or the land upon which it sat, and even if he did not pay rent. *See, e.g., United States v. Cannon*, 552 F. App'x 512, 516 (6th Cir. 2014) (control over a residence is sufficient for 2D1.1(b)(12), regardless of actual ownership or formal rental agreement).

The court accordingly finds by a preponderance of the evidence that the guideline 2D1.1(b)(12) adjustment is warranted in this case. The defendant had control over a residence from which methamphetamine was regularly distributed.

---

[1] The defendant is fortunate that his plea agreement, at paragraph 4(f), negotiates away a two-level increase pursuant to guideline 3C1.1 for obstruction of justice based on this phone call. *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. 4(D).

3

## II.

*Conclusion*

For the reasons provided herein, the defendant's first objection to his PSR is moot and his second objection is **OVERRULED**. Sentencing remains set for July 25, 2017, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge